SCHOTT, Judge,
dissenting:
From a number of conversations among the four parties to this racquet club venture and some vague documents executed by them I find the facts to be as follows:
Plaintiff bargained to gain a number of benefits in exchange for a number of commitments. He expected to become the owner of one-fourth interest in the club, later reduced to one fifth, and to have a one year contract as its manager for $25,-000. He would benefit by the capital and credit contributed by Gaffney and Barreca to produce a club worth over $700,000 while his financial commitment would be but $50,000 which he need not pay until a year following the opening of the club. Gaffney and Barreca were willing to risk their capital on the hope of getting a financial return on their investment. They were willing to make plaintiff and Zeairs substantial stock holders since they had the ability to run the club and thereby assure the success of Gaffney’s and Barreca’s investment.
Against this background the four worked together through the construction phase and to the day when the club opened with each contributing his own efforts and talent to make the venture a success. One of plaintiff’s achievements was the sale of memberships, which would inure to the benefit of the corporation and its stockholders including himself.
However, the plan was thwarted when plaintiff either quit or was fired by the corporation just six weeks after the club opened. The trial court found as a fact that plaintiff was justified in resigning because of mistreatment by Gaffney and Barreca and wrong doing on their part. I agree with the majority that this finding is not manifestly erroneous.
By breaching the contract when they caused plaintiff to lose his position as manager, Gaffney and Barreca also eliminated plaintiff’s incentive to be a stockholder. He had been given one year to pay for the stock and was terminated long before the balance was due and before any stock was issued. He is entitled to recover the payment he had made on the stock’s account.
Finally, the motive for plaintiff’s efforts in selling memberships in the club was his expectation to be the manager and a stockholder. The club may not reap the benefits of his labor by causing him to forfeit his job and his stock ownership without compensating him for his efforts. The measure of compensation fashioned by the trial court is reasonable and supported by the evidence.
I do not agree with the trial court that the contract was based on a potestative condition under C.C. Arts. 2034-2035. (All references are to the codal articles as written prior to the revision of the code by Art. 331 of 1984.) This was a commutative contract in which Gaffney and Barreca failed to comply with their engagements. As a result plaintiff was entitled to sue for a dissolution of the contract with damages. Arts. 1768, 2046. Since the remedy provided by the trial judge is equivalent to that which is authorized by these articles, I would affirm the judgment.